Mr. Justice Clayton
delivered the following dissenting opinion :
I concur in the opinion that the judgment of the court below must he reversed, and the cause remanded. But I do not concur in the principles which are laid down for the government of the case, when it goes back to the circuit court. I cannot consent to the conclusion “ that the subscription was a void act, vesting no rights in the subscriber, and imposing no obligation upon him, or upon the corporation.”
In the first place, it is to be observed, that this is not like a proceeding by the state against a corporation, to seize its corporate franchises; in such event, the failure to comply with the conditions, may be given in evidence. Nor is it a proceeding by the corporation itself against a reputed stockholder, to compel payment of his stock; in such case, if the rights of creditors or of third persons are in no way involved, the defence might be made. But this is a proceeding by a creditor of the corporation to reach a stockholder, where a valid corporation is in existence, and where the stockholder was permitted to plead his own illegal acts — his own failure to comply with the terms of the charter, to avoid his own act of subscription. The bank has not refused to recognize him as a stockholder, on the con *542 trary, it is bound by its own acts to admit him to be such • and the naked question therefore is, can the defendant avail himself of his own wrong, his own failure to comply, as the ground of his exemption. Before the bank went into operation, and incurred liabilities, he might have withdrawn ; to permit him to do so afterwards, would, in my apprehension, violate some of the elementary principles of law and justice.
It is said that an act or contract in violation of a statute cannot be made the foundation of a suit. This may be true where both parties have participated in the illegal act. But here the violation of law has been altogether on one side. The creditors of the corporation have done no illegal act in receiving the issues of the bank; and if the bank or its stockholders, any or all, may avoid their responsibility by showing a failure on their part to comply with the terms of their charter, is there not a premium held out to fraud in banking transactions ? If they comply with their charters, they are bound to pay their issues, at least to the extent of the stock subscribed; but if they do not comply they are not bound, and all they can make out of a credulous and confiding community is- clear gain. In my view, this is not .the law; on the contrary, I think the cases sustain an opposite conclusion.
In Minor v. Mechanics Bank of Alexandria, 1 Peters, 65, the plea stated, “ that by fraud and collusion a portion of the stock had been fraudulently taken by fictitious subscription.” On this plea, the court says : “If, however, this interpretation of the charter could be supported, and the subscription of the whole capital stock were a condition precedent, the result would not be varied. If the subscriptions were fraudulently made, with a view to evade the provisions of the charter, the law will hold the parties bound by their subscriptions, and compellable to comply, with all the terms and responsibilities imposed upon them in the same manner as if they were bona fide subscribers. It will not make the subscription itself a nullity, hut it will deprive the subscribers of the power of availing themselves of the same.” In Spear v. Crawford, 14 Wend. 24, the court says, “ neither party,.therefore, can escape from the obli *543 gations created by the subscription without the consent of the other. .Admitting an act to be unlawful, it does not render the subscription of the stockholders void. It does not work a forfeiture, and the defendant cannot avail himself of any merely unlawful act of the corporation, either designed or fully consummated.” See also 16 Serg. & Rawle, 144; Ang. & Ames on Corp. 2d ed. 89.
The attempted restriction of the principle, by saying that it is not proposed to inquire into the existence of the corporation, is of no practical value. If this subscriber may be released in this mode, there is nothing to prevent a similar release of every other subscriber, and the corporation is thus virtually annihilated at the very time when the court says it will not’ inquire into its existence. After this determination it may have a nominal being — stat nominis umbra — it may remain as the shadow of a name, but it is nothing more. If a bank bring suit, even if its corporate existence be denied, or fraud in its inception be pleaded, the production of its charter and evidence of user, establish the right to recover. But if it be sued and judgment obtained against it, if you attempt to make the stockholders pay up their stock you cannot succeed in doing so, if they can prove that they have not complied with the requisitions of their charter in organizing the institution. This doctrine seems to me to put an end to the liability of stockholders, if they desire to act fraudulently.
Neither do I concur in the opinion that the judgment creditor of the corporation has no rights beyond those of the corporation. If this were so, the stockholders and directors might release themselves and deprive the creditors of the means of procuring satisfaction. It is very common to set aside conveyances good between the parties, in favor of creditors. Those concerned in frauds are often left where they have placed themselves by their own acts; the law will not interfere between them. Yet, when their mutual acts operate to the prejudice of third persons, they will not be permitted thus to work out injustice.
In cases of partnership, a man by his conduct often renders himself liable as a partner, to third persons, who is not so as to *544 the other partners. It is equally so in regard to joint stock associations. There is no reason for excluding the application of the principle from corporations; and it seems sometimes to have been extended to them. Adderly v. Storm, 6 Hill, 629; Centre Turnpike Co. v. M'Conaly, 16 Serg. & Rawle. If this principle be applicable, by subscribing for the stock, the defendant placed himself in a situation in which he might be held a stockholder by persons dealing with the corporation. They could not be required to ascertain whether all the terms of the charter in regard to subscription had been complied with. Both parties treated the subscription as valid; the payment, though not made at the time, was afterwards made,, and if this did not constitute him a stockholder at the time of the subscription, it did at the time of the payment. When both these acts concurred, it seems to me that nothing was wanting to make him a stockholder.
I cannot moreover, perceive how the defendant is to be held liable on the note, but discharged as a stockholder. The only consideration for the note, was the stock for which he subscribed, if he does not get that, he gets nothing for the note. He made but the one contract for stock, he made no purchase of it at any other time, and in my view, must either be bound for all or none.
With these reasons for my dissent, I submit my opinion with a distrust of its correctness, always felt, when I differ from the majority of the court.